EPHRAIM K. ROBERTS, APPELLANT, V. SARAH E. FLAN
AGAN AND W. H. McCLELLAND ET AL., APPEL
LEES.

1. **Will:** PROBATE. In February, 1873, one S., a resident of Wayne
county, Michigan, made a will, and soon thereafter died. Said
will was thereupon duly admitted to probate in the proper
court of Wayne county, Michigan, and soon afterwards in the
probate court of Gage county, Nebraska, certain lands belonging to the estate of S., being situated in said county, which lands
were afterwards sold by the executors under a power in said
will. *Held*, The probate court of Gage county, in 1873, having
jurisdiction, the admission of said will to probate in 1873 was
valid, and that said court properly refused to again admit said
will to probate in 1883.

2. **Summons:** SERVICE BY PUBLICATION : PROOF. Where publication has actually been made for the time and in the manner
required by law, the failure to file proof of such publication
before the hearing will not render the judgment void.

3. **Will:** PROBATE : ENDORSEMENT : EVIDENCE. The certificate to
be endorsed on a will, required by section 160 of the Decedents Act, is not essential to the validity of the probate thereof,
but merely provides that a will so certified, and the record thereof, or a transcript of such record, duly certified, may be read in
evidence in all courts within this state, without further proof.

4. ——: JURISDICTION OF PROBATE COURT: PRESUMPTION. Where
a probate court has jurisdiction in admitting a will to probate,
all presumptions are in favor of the regularity of its proceedings,
and in a collateral attack upon such probate the court will not
inquire into the degree of proof required by the probate court.

5. ——: ——. Mere irregularities in the proceedings, where
the court has jurisdiction, are not subject to collateral attack.

APPEAL from the district court for Gage county. Tried
before BROADY, J.

*Hazlett & Bates*, for appellant.

*Griggs & Rinaker* and *T. D. Cobbey*, for appellees.

MAXWELL, CH. J.

In February, 1873, one Jeremiah Scanlon made a will as follows:

"Know all men by these presents, That I, Jeremiah Scanlon, in the city of Detroit, in the county of Wayne, and state of Michigan, being of the age of thirty-eight years, and being of sound mind but in feeble health, do publish and declare this my last will and testament, hereby revoking and cancelling any and all wills by me heretofore made.

"First.   I appoint as the executors of this my last will and testament John Heffron and Edward Reidy, both of Detroit, Michigan.

"Second.   I request my executors to pay all and singular my just and lawful debts and funeral expenses.

"Third.   My property, being chiefly real estate, I desire my executors to sell the same as soon as practicable after my decease for the purpose of paying the following legacies:

"Fourth.   I give and bequeath unto my beloved mother, Winifred Scanlon, of Detroit, the sum of three hundred dollars ($300) per annum for her life, for her sole and separate use, and I authorize and request my executors to take the necessary steps to secure the certain payment of the same.

"Fifth.   I give and bequeath unto my sister, Mary Burkery, of Detroit, Michigan, the sum of sixteen hundred ($1600) dollars.

"Sixth.   I give and bequeath unto my sister, Bridget Scanlon, of Detroit, Michigan, the sum of three thousand five hundred ($3,500) dollars.

"Seventh.   I give and bequeath unto my brother, John Scanlon, of Garranboy, County Clare, Ireland, the sum of one thousand ($1,000) dollars.

"Eighth. I give and bequeath unto my sister, Ann Scanlon, of Garranboy, County Clare, Ireland, the sum of fifteen hundred ($1500) dollars.

"Ninth. I give and bequeath unto my sister, Margaret Scanlon, of Detroit, Michigan, the sum of seven hundred ($700) dollars.

"Tenth. I give and bequeath unto my sister, Sarah Flanagan, of Cleveland, Ohio, the sum of sixteen hundred ($1600) dollars.

"Eleventh. I give and bequeath unto my brother, Michael Scanlon, of Greenfield, Wayne county, Michigan, the sum of eight hundred ($800) dollars.

"Twelfth. I give and bequeath unto my nephew, John Scanlon, of Detroit, the sum of one thousand ($1,000) dollars.

"Thirteenth. I give and bequeath unto my niece, Mary Scanlon, of Detroit, the sum of five hundred ($500) dollars.

"Fourteenth. I give and bequeath unto my nieces, Mary Berkery and Winifred Berkery, the sum of one hundred dollars to each.

"Fifteenth. I give and bequeath unto the St. Anthony Male Orphan Asylum the sum of five hundred ($500) dollars.

"Sixteenth. I give and bequeath unto the St. Vincent's Orphan Asylum the sum of five hundred ($500) dollars.

"Seventeenth. I give and bequeath the House of Providence, situated on Fourteenth street, the sum of five hundred ($500) dollars.

"Eighteenth. I request my executors to set apart the sum of five hundred dollars for the purpose of erecting a monument to my memory over my grave.

"Nineteenth. I give and bequeath to Rev. James Savage, of Detroit, the following sums in trust to be paid in the settlement of the following debts owing to the undermentioned persons :

Chas. H. Coil, Cleveland, Ohio.......................$300 00
Rasson Gartner, Kalamazoo, Michigan.............. 100 00
Proprietor Adams hotel, Dexter..................... 21 43

    Total................................................$421 43

Making a total as above of four hundred and twenty-one
dollars and forty-three cents.

"Twentieth. All the rest, residue, and remainder of my
property, if any there be left after the foregoing distribu-
tion, I give, bequeath and devise in equal shares to my
brothers and sisters, Mary Berkery, Bridget Scanlon, Mar-
garet Scanlon, John Scanlon, Ann Scanlon, Sarah Flana-
gan and Michael Scanlon, to be divided equally, as afore-
said, after the foregoing legacies have been paid."

Scanlon seems to have died soon after making the will,
and on the 25th of the following March the will in ques-
tion was duly proved before the probate court of Wayne
county, Michigan, and letters testamentary issued by said
court to John Heffron and Edward Reidy.

In April, 1873, Heffron and Reidy filed their petition
in the probate court of Gage county, Nebraska, setting
forth that Scanlon departed this life on the 23d day of
February of that year, leaving a last will and testament,
which had been duly admitted to probate by the probate
court of Wayne county, Michigan, and praying that said
will might be admitted to probate in the county of Gage,
state of Nebraska, and that letters testamentary might be
issued to the petitioners.

Thereupon a notice was ordered published for three con-
secutive weeks in the Beatrice *Express*, which notice is in
the words and figures following, to-wit:

" To all persons interested in the estate of Jeremiah
Scanlon, late of the county of Wayne, and state of Michi-
gan, deceased: You are hereby notified that application by
petition has been made to me, probate judge of the county
of Gage and state of Nebraska, by John Heffron and Ed-

ward Reidy, praying that the last will and testament of said Jeremiah Scanlon be admitted to probate in said county of Gage; also praying that administration of said estate be granted to said John Heffron and Edward Reidy, and I have appointed Thursday, the 5th day of June, A.D. 1873, at the hour of 10 o'clock A.M., at my office in the city of Beatrice, in said Gage county, as the time and place for hearing said application, when you can be present and show cause, if any there may be, why the prayer of said petitioners should not be granted.

"J. W. CARTER,

"Dated May 4, 1873.                Probate Judge.

"Now, on this 5th day of June, 1873, this cause came on further to be heard, and further hearing is postponed until July 1, 1873.

"And now, on this 1st day of July, 1873, comes S. C. B. Dean, attorney, and files an affidavit of publication, which is in words and figures as follows, to-wit:

"AFFIDAVIT OF PUBLICATION.

"STATE OF NEBRASKA, } ss.
   COUNTY OF GAGE,

"Theodore Coleman, being duly sworn, says he is one of the publishers of the Beatrice Express, a weekly newspaper printed in Gage county, Nebraska, and of general circulation therein, and that a notice, a true copy of which is hereto annexed, was published in said paper three consecutive weeks, or four times, once in each week, commencing on the 15th day of May, 1873.

"THEODORE COLEMAN.

"Subscribed and sworn to before me this 7th day of July, 1873.                ALBERT TOWLE,
                                        Notary Public."

Also, on the same day, was filed a copy of letters testamentary granted to the said Heffron and Reidy in the state of Michigan, county of Wayne, from the probate court thereof.

The court thereupon made the following order:

"No person appearing to contest the above said last will and testament of Jeremiah Scanlon, deceased, and the same having been duly proved and allowed by the honorable the probate judge of Wayne county, Michigan, it is hereby ordered that said will be approved and allowed, and it is further ordered that John Heffron and Edward Reidy, named in said will, be and are hereby appointed executors, with the will annexed, of the estate of Jeremiah Scanlon, deceased, upon their filing an undertaking in the sum of $5,000.

"And now, on the 15th day of August, 1873, a bond was filed and approved." Then follows copy of bond.

Under the probate of said will, in Gage county, the executors named sold certain real estate in that county belonging to the estate of the testator. In June, 1883, the plaintiff filed his petition in the probate court of Gage county, in this state, together with the exemplifications of the records of the probate court of Wayne county, Michigan, and praying that all persons interested in the estate of Jeremiah Scanlon, deceased, be duly cited to appear, and that the last will and testament of said Scanlon be probated and allowed as provided by law, and that administration of said estate, with the will annexed, be granted to one Alfred F. Wilcox, upon his giving bond, etc. Upon the hearing of this application it was dismissed at the plaintiff's costs. The plaintiff then appealed to the district court of said Gage county, where the judgment of the probate court was affirmed. The plaintiff appeals to this court.

It is claimed on behalf of the plaintiff that the will was not legally probated in Gage county in 1873, because the hearing of the petition was ordered for June 5th of that year, on which day, without proof of publication of notice, the hearing was adjourned until July 1st, 1873, and that the affidavit of publication was not filed until July 7th, 1873.

All the evidence before the probate court of Gage county, as to the publication of notice, may not be embodied in the record. The fact is clearly made to appear that the notice was published for the length of time required by law, and the mere failure to file proof of such publication until after the time set for hearing would not oust the court of juris- diction nor render its judgment void.

Second. That the will has no certificate of probate en- dorsed upon it, as required by statute.

Section 160, chapter 23, Compiled Statutes, provides that "Every will, *when* proved as provided in this subdivision, shall have a certificate of such proof endorsed thereon or an- nexed thereto, signed by the judge of probate and attested by his seal; and every will so certified, and the record there- of, or a transcript of such record, certified by the judge of probate, and attested by his seal, may be read in evidence in all courts within this state without further proof."

It will be seen that the endorsement of the certificate on the will is not a part of the probate of the same, but is simply evidence that the will has been admitted to probate, as "every will so certified, and the record thereof, or a transcript of such record, certified by the judge of probate, and attested by his seal, may be read in evidence in all courts within this state, without further proof." That is, the certificate attached to the will authorizes it to be used in evidence without further authentication, but the failure to endorse the certificate on the will does not affect the va- lidity of the probate thereof.

Third. That the will was admitted because no one ob- jected, and that it had been admitted in Michigan, and that no evidence of the execution of the will, or of the testamen- tary capacity of the deceased, was produced.

If this was a direct proceeding to set aside the probate of the will, and all the evidence upon which such probate was made was before the court, we might hold that the proof was insufficient; in this collateral proceeding, however, we

cannot so hold. Jurisdiction being established, all presumptions are in favor of the judgment of the probate court.

The fourth, fifth and sixth objections relate to irregularities in the proceedings, which, even if they existed, would not affect the validity of the acts of the executors. The plaintiff in this case claims under the will of Scanlon, which was admitted to probate in Wayne county, Michigan, in 1873. He claims in his petition to be the owner, by purchase and assignment, of all the legacies in said will provided for, excepting that of Sarah Flanagan, and alleges that she is indebted to said estate, and has assigned her interest therein to said estate, and that there are no debts.

So far as this record discloses, the former executors sold the land belonging to the estate in Gage county, Nebraska, for the purpose of paying the debts and legacies. If, as claimed by the plaintiff, the former executors are largely indebted to the estate, and insolvent, still this will not authorize him to disregard sales made by them, permit them to retain the money obtained from the former sales, and again sell the land under the will. It is very clear that the probate court of Gage county, in 1873, had jurisdiction, and that the probate of the will in question by said court was sufficient and valid, and that it properly refused to permit proceedings to be again instituted in 1883 under the same will.

The judgment of the district court, and also of the probate court, is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.