JOHN F. KOLTERMAN, APPELLANT, V. WILLIAM B. CHILVERS ET AL., APPELLEES.

FILED JULY 17, 1908. No. 15,202.

1. **Wills: PROBATE: CERTIFICATE: EVIDENCE.** "The certificate to be indorsed on a will, required by section 160 of the decedent act, is not essential to the validity of the probate thereof, but merely provides that a will so certified, and the record thereof, or a transcript of such record, duly certified, may be read in evidence in all courts within this state, without further proof." *Roberts v. Flanagan*, 21 Neb. 503, approved and followed.

2. **Judgment: PRESUMPTIONS: COLLATERAL ATTACK.** "Where a probate court has jurisdiction in admitting a will to probate, all presumptions are in favor of the regularity of its proceedings, and in a collateral attack upon such probate the court will not inquire into the degree of proof required by the probate court." *Roberts v. Flanagan*, 21 Neb. 503, approved and followed.

3. ———: ———: COUNTY COURTS. In probate proceedings the county court is a court of record and of exclusive original jurisdiction, and in such actions its judgments and the recitals therein are entitled to the presumptions that attach to the records of other courts of that character.

4. **Wills: PROBATE: CURATIVE STATUTE.** Chapter 31, laws 1895 (Ann. St. 1907, sec. 4815), cures any defects that may theretofore have been created by county judges entering their judgments of the probate of wills in records other than the record book referred to in subdivision 1, sec. 32, ch. 20, Comp. St. 1885.

5. **Evidence: PROBATE RECORDS: CERTIFICATE.** Where a county judge appears as a witness and identifies the entries in the records of his office, the fact that said entries do not have attached thereto a certificate conformable to section 4817, Ann. St. 1907, does not render them inadmissible in evidence.

6. **Ejectment: EVIDENCE.** One Henry Upton died the owner of a tract of land in Nebraska. Plaintiff in ejectment claimed title thereto by virtue of a conveyance from Susan C. Upton. The county judge identified two records of his office, in one whereof appeared the copy of a purported will of Henry Upton, and in the other a judgment admitting the will of Henry Upton to probate. Neither record in terms referred to the other. The deed whereby Henry Upton received title recited that the grantee was a resident of Decatur, Michigan. The attesting clause to the purported copy of said will recited that the witnesses resided in "Decator," Michigan. Said copy describes Susan C. Upton as wife and devisee of the testator, and executrix of said will. The order admitting the will to probate appointed Susan C. Upton as such executrix. Susan C. Upton conveyed said land subsequently to said proceedings in 1893, and her grantee has occupied and enjoyed his farm ever since. The original will could not be found, nor was any one produced to show its contents from personal knowledge thereof. *Held,* There was sufficient internal and corroborating evidence of the identity of said will and its probate to permit the case to go to the jury.

7. **Adverse Possession: EVIDENCE: QUESTION FOR JURY.** Where a party claims title to real estate by adverse possession and the evidence is conflicting upon said point, the issue should be submitted to the jury.

APPEAL from the district court for Pierce county: JOHN F. BOYD, JUDGE. *Reversed.*

*Fred H. Free* and *H. F. Barnhart,* for appellant.

*W. W. Quivey* and *Jackson & Kelsey, contra.*

ROOT, C.

Ejectment to recover possession of a tract of land in Pierce county. The court directed a verdict for defendants, and plaintiff appeals.

An essential link in plaintiff's chain of title is a will executed by Henry Upton and duly probated. Plaintiff called the county judge, and proved by him that he had made search in his office for said document, but could not find it. Thereupon the court received, over defendants' objections, an entry in probate record "A." This entry

purports to be the record of the last will and testament of Henry Upton, but does not have appended thereto a certificate of the county judge. Thereafter the witness identified a record as "Entry Book 1" of his office, and plaintiff offered therefrom the following:

"Order admitting will to probate. In the matter of the estate of Henry Upton, deceased. Now on this 3d day of September, 1887, this cause came up for hearing, and it appearing to me from the proof now on file that all proper parties to this proceeding have been properly notified; on consideration whereof I find that said will was duly executed by said Henry Upton as required by law; that the said testator at the time of making said will was of full age, of sound mind and memory and not under restraint, and was in all respects competent to devise real and personal estate. It is therefore considered by me that said last will and testament was duly executed, and that the same is genuine and valid, and that the said last will and testament be admitted to probate and established as a will of real and personal estate. And it is further ordered that letters testamentary issue thereon to Susan C. Upton upon her taking the oath required by law. Wm. H. McDonald, Co. Judge."

The court excluded this record, and the question is whether it should have been admitted as evidence of the probate of said will. This record was made in 1887, and under section 32, ch. 20, Comp. St. 1885, the will and the record of its probate should have appeared in the record book. The amendment of 1895 to said section (laws 1895, ch. 31) provides: "That all records heretofore made under the authority of this section (Comp. St. 1885, ch. 20, sec. 32), and which have been made in any one of the books heretofore provided for by said section, but not in the proper book, shall be as legal and valid and shall have the same force and effect as if made in the proper book." Section 4817, Ann. St. 1907, provides: "Every record made in any probate court, excepting original orders, judgments, and decrees thereof, shall have attached thereto a

certificate signed by the judge of such court, showing the date of such record and the county in which the same is made, and it shall not be necessary to call such judge or his successor in office to prove such record so certified. And in any cause, matter, or proceeding in which the probate court or probate judge has jurisdiction, and is required to make a record not provided for in this chapter, such record shall be certified in the same way and with like effect as aforesaid." Section 5008, Ann. St. 1903, further provides: "No will shall be effectual to pass either real or personal estate, unless it shall have been duly proved and allowed in the probate court, as provided in this chapter, or on appeal in the district court; and the probate of the will of real or personal estate as above mentioned shall be conclusive as to its due execution." Sections 5025, 5026, said statutes, also provide: "Every will, when proved as provided in this subdivision, shall have a certificate of such proof indorsed thereon or annexed thereto, signed by the judge of probate and attested by his seal; and every will so certified, and the record thereof, or a transcript of such record, certified by the judge of probate and attested by his seal, may be read in evidence in all courts within this state, without further proof." "An attested copy of every will devising lands or any interest in lands, and of the probate thereof, shall be recorded in the registry of deeds of the county in which the lands thereby devised are situated; provided, that all conveyances of lands or any interest in lands within this state, which have been heretofore made by any executor prior to the filing of such attested copy, shall be as legal and valid and shall have the same force and effect as if such attested copy had been duly filed prior to the making of such conveyance."

Defendants contend that, unless the county judge attaches to a will his certificate of its probate, and a copy thereof be recorded by the registrar of deeds, record proof of the will and of its probate cannot be furnished; that the **records in evidence and those offered and excluded are**

without probative value. In this learned counsel err. The indorsement of the judge's certificate on a will is not a part of the probate, but only one of the methods by which that probate may be established. *Roberts v. Flanagan,* 21 Neb. 503. The recitals in the order admitting the will to probate are not as complete as one might wish, but they are sufficient upon collateral attack to demonstrate that due notice was given, a hearing had, evidence considered, and the will adjudged to have been lawfully executed. *Kirk v. Bowling,* 20 Neb. 260; *Beer v. Plant,* 1 Neb. (Unof.) 372.

There was sufficient corroborating evidence offered to support the presumption that the will recorded in probate record "A" was the instrument admitted to probate by the order of September 3, 1887, found on page 160 of "Entry Book 1." It will be noticed that Upton's residence is stated in the deed to him as Decatur, Michigan. The attesting clause to the will gives the residence of the witnesses thereto as "Decator," Michigan. The will devises all of the testator's property to Susan C. Upton, his wife, and names her as executrix. The order admitting Henry Upton's will to probate appoints Susan C. Upton as executrix. She thereafter conveyed the land owned by her husband at his death, and her grantees have held undisputed possession of the greater part thereof for the past 15 years. It is plain that a will of Henry Upton was admitted to probate by the county court of Pierce county. Whether the record in evidence was a copy of that will was a question of fact, to be established in any legitimate manner. The identity of things may be presumed from circumstances, and the circumstances heretofore referred to, without any rebutting proof, raise the presumption that said judgment of probate referred to a will of which the entry in probate record "A" is a copy. *Rupert v. Penner,* 35 Neb. 587; *Howard v. Rockwell,* 1 Doug. (Mich.) 315.

There is considerable evidence in the record tending to prove that defendants have acquired title by adverse pos-

session to the land in dispute, but there was some evidence to the contrary, so that the jury, and not the court, should have determined that issue.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.